**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



**ORDER**

Appellate case name:      Maxine Adams and Cecil Adams v. Rebecca Ross

Appellate case number:    01-11-00552-CV

Trial court case number:  2010-12207

Trial court:              269th District Court of Harris County

Appellee, Rebecca Ross, has filed a motion to dismiss this appeal. Appellants, Maxine Adams and Cecil Adams, have filed a "Motion to Extend Time to File Appellate Brief, 2nd Motion, Compliance with Court Order, Motion for Correction of Harmful Errors in the Appellate Record, Motion for Evidentiary Hearing, and Response to Ross' Motion to Dismiss." We deny each motion.

The trial court signed the final judgment in this case, awarding damages to Maxine and Cecil Adams, on August 24, 2011. The district clerk filed a clerk's record on indigence on January 18, 2012, a supplemental record in compliance with this Court's abatement order on September 13, 2012, and the full clerk's record on January 14, 2013. The court reporter filed a one-volume record on August 9, 2012 and the complete record of the trial in the court below on October 7, 2012, and a second court reporter filed a one-volume record on October 12, 2012. The deadline for filing the Adams's brief was therefore set on February 13, 2013.

On January 28, 2013, however, the Adamses requested an extension of time to file their brief, contending that the complete clerk's record had not yet been filed[1], and on February 1, 2013, Ross filed a designation of items for inclusion in the record.[2] Therefore, on February 12,

---

[1]     The Adamses apparently believed the appellate record was sufficient in February 2012, despite the fact that only the clerk's record on indigence, and no reporter's record, had been filed, as they filed a brief on February 23, 2012, which we struck as premature and for failing to comply with the rules of appellate procedure. Nevertheless, beginning on January 28, 2013, after the primary clerk's record was filed on January 14, 2013 and the complete reporter's record was filed in October 2012, the Adamses have made numerous assertions that the appellate record is incomplete and contains defects and inaccuracies.

[2]     Ross originally filed her designation of documents on December 2, 2011, but filed a supplemental designation seeking specific documents which had not been included in the January 14, 2013 record despite being timely designated on December 2, 2011.

2013, we granted the extension, ordered the district clerk to file a supplemental record containing any items listed in Texas Rule of Appellate Procedure 34.5(a) that had not been included in one of the previously-filed clerk's records and the items designated by Ross, and informed the Adamses that their brief would be due 30 days after the supplemental clerk's record was filed and that further requests for extension would not be looked at favorably.

The district clerk filed a supplemental record on April 10, 2013, making the Adams's brief due on May 10, 2013. Nevertheless, the Adamses filed a motion with this Court, contending that the supplemental record was incomplete and that documents had been omitted from the record, without identifying any documents alleged to have been omitted.[3] On May 13, 2013, before ruling on the motion and to ensure the completeness of the record, we ordered the Adamses to provide this Court with a list of the allegedly omitted documents. *See* TEX. R. APP. P. 34.5(b)(2), (c)(1). We further ordered them to identify the documents necessary for review of Cecil Adams' non-frivolous issue on appeal and the documents for which they were willing to pay. Finally, we informed the Adamses that they should begin preparation of their brief, because no extensions of time for the filing of briefs would be granted absent proof of extraordinary circumstances once the briefing schedule was set.

After the Adamses responded on May 20, 2013, we granted their motion for compliance with court order and ordered the district clerk to file a supplemental record containing specified documents that had been identified by the Adamses but were not contained in any of the records then on file with this Court.[4] We set the Adams's briefing deadline at 20 days after the supplemental clerk's record was filed and informed the parties that no extensions of the briefing deadlines would be granted absent proof of very extraordinary circumstances. We further informed the parties that any request for supplementation of the record filed after the supplemental clerk's record was filed would not impact the briefing deadlines.

The district clerk filed two supplemental records on May 31, 2013 and a third record on June 5, 2013, completing the clerk's record. The Adams's briefing deadline was therefore set at June 25, 2013.

One June 17 and June 18, 2013, the Adamses filed five letters with the Court complaining of alleged inaccuracies in the record. On June 21, 2013, we issued two orders regarding the alleged inaccuracies, determined that it was unnecessary to abate the appeal for the purpose of ordering the district clerk to "correct" the record, and notified the Adamses that their brief remained due on June 25, 2013.

On July 1, 2013, Ross filed a motion to dismiss this appeal, and we notified the Adamses that the time for filing their brief had expired and that we would dismiss this appeal unless they

---

[3]      In their motion, the Adamses state that "the supplemental record does not include a single record designated by the Adams dating back to 2011" and "is incomplete as it does not include all the designated documents in the February 1, 2013 letter," but they failed to specify any documents designated for inclusion in but omitted from the record.

[4]      To expedite the appeal, we did not remand the case for a determination of whether the requested documents were relevant to Cecil Adams' non-frivolous appellate issue, but required the district clerk to file all of the requested-but-missing documents without advanced payment of costs.

filed a brief and a motion establishing extraordinary circumstances to justify their failure to timely file a brief. The Adamses responded on July 11, 2013.

In their motion, the Adamses again move for an extension of time to file their brief and for compliance with this Court's February 12, 2013 order, contending that the record still does not contain all of the items listed in Rule 34.5(a) or the items designated by Ross on February 1, 2013. The Adamses further contend that several hundred documents are missing from the clerk's record and request that we consider supplemental designations of record filed on August 12, 2012, April 4, 2013, May 16, 2013, and June 24, 2013. The Adamses also reassert their contentions regarding alleged inaccuracies in the record. Finally, the Adamses contend that the reporter's record is incomplete, because the closing arguments are missing from the transcript.

Contrary to the Adams's contentions, the clerk's record is complete. The district clerk has filed numerous records in this case, including records in response to orders of this Court to file all documents required by Rule 34.5(a). Further, the district clerk filed supplemental clerk's records containing each of the specifically identified documents we ordered to be filed, such that each document specifically identified as having been omitted from the record by the Adamses in their May 20, 2013 response to our May 13, 2013 order has been filed. And, to the extent any documents designated for inclusion in the record on August 12, 2012, April 4, 2013, and May 16, 2013 are "missing" from the record, the Adamses waived their inclusion in the record by not including the documents in their May 20, 2013 response.[5] Therefore, although the Adamses are entitled to request that specific, relevant documents be included in supplemental records, the clerk's record was complete on June 5, 2013, and no other requests for supplementation will affect their briefing deadline.

To the extent the Adamses re-urge their contentions regarding alleged defects or inaccuracies in the record, they fail to provide any basis justifying reconsideration of our June 21, 2013 orders.[6] To the extent they attempt to raise additional defects, they fail to either provide a stipulation signed by counsel for Ross or an explanation establishing the extraordinary circumstances that caused them to fail to discover the defect in a timely fashion, as required by this Court's June 21, 2013 order.[7] Further, contrary to the Adams's contention that Rule 34.5(d)

---

[5]   Any designation of records filed on June 24, 2013 was untimely and does not affect the Adams's filing deadline.

[6]   We note that the Adamses originally stated the indices in two of the records incorrectly indicated that certain documents filed on June 20, 2011 were filed on May 20, 2011. The Adamses now contend that the documents themselves also contain incorrect file-stamp markings indicating that they were filed on May 20, 2011. Nevertheless, we will not abate the case for correction of this "defect," because (1) the documents also contain file-stamp marks dated June 20, 2011, though the file-stamps are faint, (2) Ross has agreed that the documents were filed on June 20, 2011, and (3) if we ordered the district clerk to "correct" the record, we would receive a supplemental record containing the same documents as are included in the current record, because the district clerk would have to "correct" the record from the documents on file in the district court, which are the same documents that were copied in order to create the record on file in this Court.

[7]   The Adamses allege only one defect or inaccuracy in the current motion not previously asserted—that the errata sheet of Dr. Carlos Vital was part of exhibit 2 to their "motion

provides no time limit for correcting errors, we are responsible for ensuring the timely filing of records and the timely disposition of cases, and we have the authority to require parties to act in a timely fashion. *See, e.g.*, TEX. R. APP. P. 35.3(c), 37.3, 38.8(a), 43.6. Seeking correction of a record months after the record is filed and more than two weeks after a party's brief is due is not timely.

Finally, the Adamses argue that "the closing arguments are not included in the transcripts from the trial proceedings" and request that we order the reporter to supplement the record. This request is not timely. The reporter's record has been complete and on file with this Court since October 12, 2012. The Adamses delayed more than eight months between the filing of the reporter's record and identifying the alleged omission from the record. Further, they waited until after the deadline for filing their brief had passed before bringing the matter to this Court's attention. Therefore, although they may direct the reporter to file a supplemental record containing any portion of the record they believe has been omitted, a request for supplementation of the record after the briefing deadline has passed will not extend that deadline. *See* TEX. R. APP. P. 34.6(d), 35.3(b), 38.6(a). Further, even if the Adamses had timely sought supplementation, the reporter's record states the following: "Closing arguments, not being requested to be transcribed, are not included herein." Court reporters have no duty to transcribe

---

for reconsideration for new evidence on Ross' granted no evidence motion for summary judgment" but was severed from the exhibit in the clerk's record. The motion for reconsideration for new evidence and accompanying exhibits are contained in the clerk's record filed on January 14, 2013 and in the supplemental record filed on April 10, 2013. The errata sheet is contained as an exhibit to the Adams's response to Ross' objection to Dr. Vital's errata sheet, filed in the clerk's record on indigence on January 18, 2012. Further, because the Adamses specifically asserted that the "Court Reporter's Certification of Deposition of Dr. Carlos Vital, MD" was missing from the record in their response of May 20, 2013, we ordered the district clerk to include it in a supplemental record, and it was included in the "3rd Supplemental Clerks Record" filed May 31, 2013. Therefore, the document is included in the record, and the alleged defect or inaccuracy could have been raised at any time after January 14, 2013. The Adamses, however, did not bring the alleged inaccuracy to the trial court clerk's attention until May 20, 2013, as reflected in a letter sent to Chris Daniel that is attached as an exhibit to their filing in this Court on May 20, 2013, and was not specifically brought to this Court's attention until July 11, 2013, more than two weeks after the deadline for filing their brief, because including the allegation in an exhibit attached to a response does not bring the issue before this Court. Moreover, the alleged defect or inaccuracy was not brought to the attention of this Court on June 17 or June 18, 2013, when the Adamses raised their other alleged defects and inaccuracies in the record. Finally, the errata sheet contains a file-stamp date of June 22, 2013, and the Adamses assert that their motion for reconsideration for new evidence was filed on June 20, 2013, providing no basis for the Clerk of this Court to determine that the record is "defective or inaccurate" and in need of correction by the district clerk, nor is the document lost or destroyed, necessitating remand for a hearing in the trial court. *See* TEX. R. APP. P. 34.5(d), (e); *compare* TEX. R. APP. P. 34.6(e)(2) (requiring trial court to resolve disputes regarding inaccuracies in reporter's record).

closing arguments unless requested by a party to the case. *See* TEX. GOV'T CODE ANN. § 52.046(a)(3) (West 2013). Therefore, because no party requested that the closing arguments be transcribed, the court reporter was not required to report the closing arguments or to include them in the record on appeal.

Accordingly, we DENY all relief requested in the Adams's "Motion to Extend Time to File Appellate Brief, 2nd Motion, Compliance with Court Order, Motion for Correction of Harmful Errors in the Appellate Record, Motion for Evidentiary Hearing, and Response to Ross' Motion to Dismiss."

We further ORDER the Adamses to file a brief by no later than 5:00 p.m. on July 25, 2013, or this appeal will be dismissed. We suspend the application of Texas Rule of Appellate Procedure 9.2(b), the "mailbox rule," for the filing of the Adams's brief. *See* TEX. R. APP. P. 2, 9.2(b). No extensions will be granted. If the Adamses believe that one or more relevant and necessary documents that are included in the record of the trial court and were designated for inclusion in the appellate record are missing from the appellate record, they may cite to no more than 20 of such records in their brief, provided that they attach file-stamped copies of the records as exhibits to their brief and provide an affidavit, sworn to and signed by both Cecil and Maxine Adams, verifying that the documents are included in the records of the trial court and were designated for inclusion in the appellate record record prior to July 16, 2013.

We DENY Ross' motion to dismiss the appeal. If, however, the Adamses fail to file their brief by 5:00 p.m. on July 25, 2013, Ross may re-file her motion to dismiss.

It is so ORDERED.


Judge's signature: _____/s/ Harvey Brown_____
                    ☑ Acting individually    ☐ Acting for the Court


Date: ___July 16, 2013_____